Stanley M. Thompson Ray County Prosecuting Attorney Post Office Box 535 Richmond, Missouri 64085
Dear Mr. Thompson:
This opinion is in response to your questions asking:
 A. May the Public Administrator of Ray County, Missouri, retain the legal services of her brother-in-law, who is a licensed attorney, to represent the estates and file various legal documents with the Courts, in her official capacity as Public Administrator without violating the nepotism provision of Art. 7, § 6, Mo. Const. and thereby being subject to forfeiture of office?
 B. May the Public Administrator of Ray County, Missouri, contract for Title Insurance, Abstracting, and related services with an abstract corporation whose stock is wholly owned by her brother-in-law, with respect to property of estates that she administers as Public Administrator without violating the nepotism provision of Art. 7, § 6, Mo. Const. and thereby being subject to forfeiture of office?
 C. Would either of the circumstances related in A. and B. above violate the conflict of interest statutes, RSMo., §§ 105.450 et seq.?
Article VII, Section 6, of the Missouri Constitution provides:
 Section 6. Penalty for nepotism. Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment.
The Missouri Constitution, Article VII, Section 6, prohibits with the penalty of forfeiture of office, any public officer from appointing a relative within the degree named to public office or employment. The public administrator is a public officer within the meaning of the provision. Likewise, a brother-in-law is within the prohibited degree of relationship. The issue is whether the hiring of a brother-in-law as an attorney would constitute "public office or employment."
When interpreting the Constitution, the rules "employed in construction of constitutional provisions are the same as those employed in construction of statutes, but the former are to be given a broader construction due to their more permanent character. . . . This court has recognized that in construction of constitutional provisions, it should undertake to ascribe to words the meaning which the people understood them to have when they adopted the provision. . . . Of course, this Court must give due regard to the primary objectives of the provision under scrutiny as viewed in harmony with all related provisions considered as a whole." Roberts v. McNary, 636 S.W.2d 332,335 (Mo. banc 1982).
The term "employment" is subject to a variety of legal interpretations depending upon the context in which it arises. Since the purpose of Article VII, Section 6 is undoubtedly to prevent nepotism, a broad interpretation of the word "employment" is called for when construing that section. We conclude "employment" would encompass the retention of an attorney by the public administrator in her official capacity. The term "employment" is used with reference to the attorney-client relationship in Missouri Supreme Court Rule IV.See Rules 1.5(a)(2); 1.11(c)(1) and (2); 1.12(b); and 7.3(a) and (b). Moreover, the probate code speaks of a public administrator "employing" an attorney. Section 473.155.4, RSMo Supp. 1989, states:
 4. Nothing in subsection 2 of this section shall apply to attorneys employed
by any duly elected public administrator who is an attorney. [Emphasis added.]
See also Missouri Attorney General Opinion No. 13-87, a copy of which is enclosed, wherein this office concludes an attorney's representation of Bi-State Development Agency in defense of claims against it and in regard to other legal matters constituted "employment." Therefore, we conclude it would be a violation of Article VII, Section 6 of the Missouri Constitution for the Ray County Public Administrator to retain in her official capacity her brother-in-law who is an attorney.
The next issue for consideration is whether the public administrator may contract for title insurance, abstracting and related services with an abstract corporation whose stock is wholly owned by her brother-in-law. The public administrator may contract with the abstract corporation, regardless of her brother-in-law's ownership, without running afoul of Article VII, Section 6. Article VII, Section 6 forbids the hiring of a relative within the fourth degree by consanguinity or affinity. The corporation is not a "relative" of the public administrator. See also Missouri Attorney General Opinion Letter No. 92, Hyler, 1963, a copy of which is enclosed.
With respect to your question concerning contracting with the abstract corporation, we also need to consider Sections105.450 et seq., RSMo. These sections comprise the general conflict of interest law. Section 105.450, RSMo 1986, defines terms used in the conflict of interest law. Subsection 3 of Section 105.450 defines "business with which he is associated" as:
 105.450. Definitions. — As used in sections 105.450 to 105.458, 105.462 to 105.468, and 105.472 to 105.482 unless the context clearly requires otherwise, the following terms mean:
* * *
 (3) "Business with which he is associated", any sole proprietorship owned by himself or his spouse, any partnership or joint venture in which he or his spouse is a partner, any corporation in which he is an officer or director or of which either he or his spouse or dependent child in his custody whether singularly or collectively owns in excess of ten percent of the outstanding shares of any class of stock, or any trust in which he is a trustee or settlor or in which he or his spouse or dependent child whether singularly or collectively is a beneficiary or holder of a reversionary interest of ten percent or more of the corpus of the trust;
* * *
A corporation whose stock is wholly owned by the brother-in-law of the public administrator is not a business with which the public administrator is associated for purposes of the conflict of interest law. Therefore, under the facts you have presented, the public administrator may contract with the abstract corporation whose stock is wholly owned by her brother-in-law without violating Sections 105.450 et seq., RSMo.
CONCLUSION
It is the opinion of this office that (1) it would be a violation of Article VII, Section 6 of the Missouri Constitution, the nepotism provision, for the Ray County Public Administrator to retain in her official capacity her brother-in-law who is an attorney, and (2) it would not be a violation of Article VII, Section 6 of the Missouri Constitution or Sections 105.450 et seq., RSMo, for the public administrator to contract with an abstract corporation whose stock is wholly owned by her brother-in-law.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 13-87 Opinion Letter No. 92, Hyler, 1963